Filed 10/1/14  P. v. Magallan CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B252088 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA084249) |
| v. | |
| BULMARO J. MAGALLAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Antonio Barreto, Jr., Judge.  Affirmed.

Nikoo N. Berenji, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Bulmaro Magallan was charged in a three-count information as follows: count 1, second degree robbery (Pen. Code, § 211); count 2, elder abuse (Pen. Code, § 368, subd. (b)(1)); and count 3, receiving stolen property (Pen. Code, § 496, subd. (a)).[1] The information also alleged that, in the commission of the felonies alleged in counts 1 and 2, appellant personally inflicted great bodily injury on a person 70 years of age or older within the meaning of section 12022.7, subdivision (c).

A jury found appellant guilty of all three counts, and found true the special allegation of great bodily injury with respect to counts 1 and 2. Appellant was sentenced 10 years in state prison, consisting of the high term of five years for the robbery conviction plus five years on the great bodily injury enhancement and a two-year term, to run concurrently, for the receiving stolen property conviction. A five-year term for the elder abuse conviction was stayed pursuant to section 654.

Appellant appeals his conviction. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On June 1, 2013, Kenneth Raja was walking southbound on 6th Street in Santa Monica, carrying a boxed slice of pizza he had just purchased for lunch, when appellant approached him from behind. Appellant pushed Raja to the ground, pinning him down. He took Raja's wallet and pizza. Onlookers came to Raja's assistance, at which time appellant got off of Raja, picked up two large trash bags and began walking away. Raja quickly discovered that his wallet was missing. One of the onlookers followed appellant, retrieved the wallet which appellant had apparently dropped, and returned it to Raja. Raja's cash, credit cards and identification were missing.

Police apprehended appellant in swift order. They searched the bags in his possession and found the box of pizza Raja had been carrying, along with documents bearing the name Kelly Seay. Upon investigation, it was learned that Kelly Seay had

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

been the victim of a vehicle break-in earlier that day in the same neighborhood. The contents of Raja's wallet were not recovered. A taped telephone conversation between appellant and his mother, which was played for the jury, contained appellant's admission that he was stealing from unlocked cars in the neighborhood because he needed money.

Police interviewed Raja and two other percipient witnesses. The resulting police report stated that following the incident, Raja had a small laceration by his left ear. The report does not mention anything about Raja's loss of two front teeth, although he testified at trial that appellant struck him in the face, loosening and then dislodging his teeth, which he then discarded on the street. None of the witnesses at trial saw appellant hit Raja in the face, or heard him complain about an injury to his mouth or teeth.

As noted above, appellant was found guilty of robbery, elder abuse and receiving stolen property, and a special allegation of inflicting great bodily injury on a person 70 years or older was found to be true.

Appellant filed a timely notice of appeal. We appointed counsel to represent him on this appeal.

After examination of the record, appellant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and requested that this court conduct an independent review of the entire appellate record to determine whether any arguable issues exist. On May 13, 2014, we advised appellant that he had 30 days in which to personally submit any contentions or issues which he wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Wende, supra,* 25 Cal.3d at p. 441.)

3

DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MINK, J.[*]


We concur:


TURNER, P. J.


MOSK, J.

---

[*] Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.